UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OLEG BABAK,

                Petitioner,

    v.

ICE FIELD OFFICE DIRECTOR,

                Respondent.

C26-0055 TSZ

ORDER

THIS MATTER comes before the Court on a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, docket no. 5.  Having reviewed all papers filed in support of, and in opposition to, the petition, the Court enters the following Order.

**Background**

Petitioner was born in 1977 in the former Union of Soviet Socialist Republics.[1] Traverse at 2 (docket no. 11).  In 1989, petitioner was admitted to the United States as a refugee and, in 1991, he was granted permanent resident status.  Ex. A to Lambert Decl. (docket no. 10-1).  In 1997, he was convicted of misdemeanor theft, and in 1999, he was

---

[1] Respondent asserts that petitioner was born in Ukraine, _see_ Baz Decl. at ¶ 3 (docket no. 9), but Ukraine did not become an independent country until 1991.

ORDER - 1

convicted of residential burglary and first degree theft. *Id.*; *see also* Baz Decl. at ¶¶ 7–8 (docket no. 9). In 1999, he was ordered removed to Ukraine. Ex. B to Lambert Decl. (docket no. 10-2). The order of removal became final in 2000. *See* Ex. C to Lambert Decl. (docket no. 10-3).

In July 1999, the U.S. Immigration and Naturalization Service ("I.N.S.") was informed by the Ukrainian Embassy that no travel document would be issued for petitioner because no evidence existed that petitioner is a citizen of Ukraine. *See* Baz Decl. at ¶ 11 (docket no. 9). In October 1999, petitioner filed a habeas petition, and in July 2000, his petition was granted and he was released after being in I.N.S. custody for 384 days. *Id.* at ¶¶ 12–14. Petitioner was subject to an Order of Supervision ("OSUP") issued in July 2000. *Id.* at ¶ 14; Ex. D to Lambert Decl. (docket no. 10-4).

Petitioner was convicted of at least three misdemeanors between 2003 and 2011, but since then, he has had only one criminal offense, namely driving under the influence of an intoxicant ("DUI"), for which he was sentenced in 2022 to 364 days imprisonment. *See* Baz Decl. at ¶¶ 16, 18, 23, & 25 (docket no. 9); Ex. H to Lambert Decl. (docket no. 10-8). When petitioner checked in with U.S. Immigration and Customs Enforcement ("ICE") on December 16, 2025, for what he understood to be "biometric need," he was re-detained, and has been in custody at the Northwest ICE Processing Center ("NWIPC") for over two months. Traverse at 2 (docket no. 11); *see* Baz Decl. at ¶¶ 28 & 30 (docket no. 9). According to respondent, before re-detaining petitioner, a determination was made that "a significant likelihood" existed of petitioner's removal from the United States "in the foreseeable future," but ICE does not seek to remove petitioner to any

ORDER - 2

country other than Ukraine.  _See_ Baz Decl. at ¶¶ 28–29 (docket no. 9).  Respondent has not offered any declaration or other evidence indicating that a request has been made for Ukrainian travel documents, that any such request is likely to be granted, or that, since 1999, the situation in Ukraine has changed in a way that would make petitioner's removal to that country likely to occur in the reasonably foreseeable future.[2]

**Discussion**

Respondent does not challenge the Court's jurisdiction.  The Court has authority to grant a writ of habeas corpus to an individual who is in custody "in violation of the Constitution or law or treaties of the United States."  _See_ 28 U.S.C. § 2241(c)(3).

**A.    Post-Removal-Order Detention**

After a removal order becomes final, ICE is authorized to detain a noncitizen, but not indefinitely.  _See Zadvydas v. Davis_, 533 U.S. 678, 698–99 (2001); _see also_ 8 U.S.C. § 1231(a).  If, after the presumptively reasonable six-month period following entry of a final removal order, the individual at issue cannot be removed from the United States, the noncitizen is entitled to habeas relief if (i) he or she provides "good reason to believe" that "no significant likelihood" exists of "removal in the reasonably foreseeable future,"

---

[2] Respondent's reliance on 8 C.F.R. § 241.13(i), which governs the re-detention of noncitizens who are subject to a final order of removal, is misplaced.  Re-detention under this regulation requires "an individualized determination by ICE that, _based on changed circumstances_, removal has become significantly likely in the reasonably foreseeable future."  _Phongsavanh v. Williams_, --- F. Supp. 3d ---, 2025 WL 3124032, at *3 (S.D. Iowa Nov. 7, 2025) (emphasis added, citing _Kong v. United States_, 62 F.4th 608, 619–20 (1st Cir. 2023)).  Respondent has not shown that ICE's "finding" about the likelihood of petitioner's removal to Ukraine in the foreseeable future (as opposed to the "reasonably" foreseeable future) was predicated on a change in circumstances or constituted anything other than conclusory boilerplate.

ORDER - 3

and (ii) the habeas respondent fails to rebut this contention. *See Zadvydas*, 533 U.S. at 701. In this matter, respondent does not dispute that the presumptively reasonable six-month post-removal-order period has long since expired, and the materials supplied by respondent support the conclusion that no significant likelihood exists of petitioner's removal to Ukraine in the reasonably foreseeable future (or ever). Respondent has made no effort to refute this fact, and from its inception, respondent's re-detention of petitioner was predestined to exceed the temporal limits outlined in Zadvydas. Petitioner's arrest does not appear to have been tethered to any effort to remove him from the United States or to any other legitimate governmental purpose. He will therefore be released.

**B.      Third Country Removal**

Although the U.S. Department of Homeland Security ("DHS") has not articulated any intent to remove petitioner to a third country, petitioner seeks an order requiring DHS to provide him advance notice and a meaningful opportunity to be heard in reopened removal proceedings before removing him to a country other than Ukraine. *See* Traverse at 1, ¶ 3 (docket no. 11). Respondent does not dispute that the Court has Article III jurisdiction over this request for due process, and it will be granted. *See*, *e.g.*, *Revenko v. Bondi*, No. 25-cv-2149, 2025 WL 4070027, at *3 (W.D. Wash. Dec. 29, 2025) ("[I]f DHS seeks to remove [a p]etitioner to a third country, it must move to reopen Section 240 removal proceedings, and a hearing must be held before an immigration judge so the petitioner can apply for relief as to the specific country of removal.").

/ / /

/ / /

ORDER - 4

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)    The petition for a writ of habeas corpus, docket no. 5, is GRANTED, and petitioner Oleg Babak shall be RELEASED from custody at the NWIPC;

(2)    Within twenty-four (24) hours of the entry of this Order, respondent shall file a declaration confirming that petitioner has been released from custody;

(3)    DHS and all of its operational and support components, including ICE, and all DHS officials and personnel, including all ICE employees, are hereby ENJOINED from re-detaining petitioner without at least seven (7) days' advance written notice and a pre-deprivation hearing before a neutral decisionmaker;

(4)    The OSUP under which petitioner was at liberty before his recent arrest shall be reinstated, with the same conditions previously imposed, and petitioner shall comply with those conditions unless they are amended after providing petitioner at least thirty (30) days' advance written notice and an opportunity to be heard;

(5)    DHS and all of its operational and support components, including ICE, and all DHS officials and personnel, including ICE employees, are hereby ENJOINED from removing petitioner to a country other than Ukraine without at least seven (7) days' advance written notice and an opportunity to respond in a reopened removal proceeding before an immigration judge; and

(6)    The Clerk is directed to enter judgment consistent herewith after the declaration required by Paragraph 2, above, has been filed and to send a copy of this Order and the Judgment to all counsel of record and to petitioner pro se.

ORDER - 5

IT IS SO ORDERED.

Dated this 23rd day of February, 2026.

Thomas S. Zilly
United States District Judge

ORDER - 6